IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNELL BARROW,

        Plaintiff,

vs.  Case No. 19-3220-SAC

DR. JASON CLARK and
DR. KRISTEN AULEPP.

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging inadequate medical care and retaliation at USP Leavenworth in the District of Kansas. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon,

1

935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558 U.S. 1148 (2010). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

In this case, plaintiff is making Bivens claims against two defendants.[1] A Bivens claim is drawn from Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) where the Supreme Court allowed a damages claim to be brought against federal officers for a constitutional violation. It is imperative that a plaintiff identify specific actions taken by particular defendants when alleging a Bivens claim. Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir. 2013)(interior quotation omitted).

## II. Complaint

Plaintiff's allegations are taken from a broadly stated complaint (Doc. No. 1), an affidavit (Doc. No. 2), and numerous exhibits (Doc. No. 2-1). Plaintiff alleges that while he was a federal inmate at USP-Leavenworth, Dr. Jason Clark and Clinical

---

[1] The forms used by plaintiff refer to 42 U.S.C. § 1983. But, a plaintiff bringing a § 1983 claim must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law," not federal law. Bruner v. Baker, 506 F.3d 1021, 1025–26 (10th Cir.2007) (internal quotation marks omitted). Plaintiff does not make allegations that defendants acted under the authority of state law. It appears that defendants work for the federal government. So, § 1983 does not apply here.

3

Director Kristen Aulepp knowingly falsified plaintiff's medical file, delayed or denied plaintiff a compression shirt, and denied plaintiff Lyrica as pain medication. These actions or omissions are alleged to have prevented plaintiff from receiving adequate medical treatment following radiation therapy. The court construes this as an Eighth Amendment claim. Plaintiff further alleges that Clark and Aulepp caused his transfer to another institution with a lower level of medical care in retaliation for plaintiff filing grievances.[2] The court construes this as a First Amendment claim.

More specifically, from the affidavit and exhibits filed with the complaint, it appears that plaintiff received radiation treatment for keloids from an outside provider in or around August 2017 and thereafter it was recommended by the outside provider that plaintiff "should be given [a] moderate strength compression shirt to wear daily." Doc. No. 2-1, p. 45. According to plaintiff, Lyrica was also recommended for pain. Plaintiff complains that in October 2017 Dr. Clark noted in plaintiff's medical record that the keloids had failed to respond to the compression shirts, when in fact plaintiff did not receive a compression shirt until March 13, 2018. The exhibits plaintiff has filed with his complaint indicate that an outside doctor (not Dr. Clark) made the October

---

[2] Plaintiff does not specifically allege that he was denied proper medical care at the other institutions or that Clark or Aulepp were responsible for the care he received at the other institutions.

note regarding compression shirts and that plaintiff received one around March 31, 2018. Doc. No. 2-1, pp. 42 and 44.

III. Analysis

A. First Amendment claim

A Bivens cause of action permits a lawsuit against federal officials who have violated the Constitution in certain restricted circumstances. Iqbal, 566 U.S. at 675. The Supreme Court has allowed Bivens claims in the context of a Fourth Amendment illegal arrest and search, a Fifth Amendment claim of job termination based on sex, and an Eighth Amendment claim for failure to provide adequate medical treatment. Hernandez v. Mesa, 140 S.Ct. 735, 741 (2020). But, the Supreme Court has declined so far to extend Bivens to First Amendment claims. Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012). And the Court has stated that extending the Bivens remedy is disfavored. Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017). Judge Broomes of this court refused to extend Bivens to cover alleged First Amendment retaliation in a prison context in Williams v. Aulepp, 2018 WL 5807105 *14 (D.Kan 11/6/2018). Plaintiff is directed to show cause why the court should not follow that holding here and dismiss plaintiff's claims of First Amendment retaliation through institutional transfers.

B. Eighth Amendment claim

The question here is not whether an Eighth Amendment claim may be brought under Bivens, but whether plaintiff has stated a

5

plausible Eighth Amendment claim. The overarching requirement for an Eighth Amendment claim is that there was a denial of the minimal civilized measure of life's necessities. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The deliberate indifference test requires proof of an objective and a subjective component. Requena v. Roberts, 893 F.3d 1195, 1215 (10th Cir. 2018). A plaintiff must prove the objective component by showing that he had a sufficiently serious medical need. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (interior quotation omitted).

The subjective component requires proof that the defendant was deliberately indifferent to a serious medical need. See Farmer, 511 U.S. at 834. "A plaintiff sufficiently alleges a culpable mindset when the facts alleged show a prison official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Walker v.

6

Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Farmer, 511 U.S. at 837)). In some cases, circumstantial evidence is sufficient to demonstrate the subjective component. Chapman v. Santini, 2020 WL 729530 *3 (10th Cir. 2/13/2020).

Plaintiff alleges inadequate aftercare following radiation therapy for keloids.[3] See Doc. No. 2-1, pp. 8-9. He claims that his pain was not properly cared for and that he did not receive a compression shirt for months following the therapy, even though one was recommended. Plaintiff's exhibits show that, after radiation therapy, an outside provider recommended a moderate strength compression shirt to wear daily, along with other treatments, on August 31, 2017. Doc. No. 2-1, p. 45. The note did not say what symptom the shirt was supposed to address. The exhibits also indicate that a consulting radiation oncologist, Dr. Mark Thompson (not defendant Dr. Clark as plaintiff seems to assert), made a note on October 11, 2017 that plaintiff's "keloids have failed to respond to modest moderate strength compression shirts" and other treatments. Doc. No. 2-1, p. 44. Dr. Clark initialed the note on October 13, 2017. Id.

The exhibits state that plaintiff received gabapentin, Tylenol with codeine and meloxicam for pain. Doc. No. 2-1, p. 12. Although an outside provider recommended Lyrica for pain,

---

[3] In addition to the radiation therapy, plaintiff received Kenalog injections, doxepin, doxycycline, and clobetasol ointment as treatment. Doc. No. 2-1, p. 44.

7

plaintiff did not receive Lyrica at the direction of a "physician at USP Leavenworth." Id. According to an exhibit, plaintiff received approval for a compression shirt on March 31, 2018. Doc. No. 2-1, p. 42. Plaintiff's affidavit states that he "was tendered" a compression shirt first on or about March 13, 2018. Doc. No. 2, p. 4.

Plaintiff has not alleged facts showing that plaintiff had a serious medical need for a compression shirt other than the doctor's recommendation of the shirt as part of a course of treatment. This recommendation, by itself, is not sufficient to plausibly allege the shirt was mandated as treatment or that the need for the shirt would be obvious to a lay person. Nor do the facts alleged plausibly show that the withholding of the shirt would result in the denial of the minimal civilized measure of life's necessities. Plaintiff does not allege what problem the shirt was supposed to alleviate or mitigate. For instance, it is not explained whether the shirt might reduce plaintiff's keloids or whether it might mitigate ill effects from radiation or whether it might lessen pain. Nor does plaintiff allege how important the shirt was to his overall treatment, which had other elements. Plaintiff was delayed receiving a compression shirt for six or seven months. There are no facts alleged indicating that this delay caused substantial harm because of lifelong handicap, permanent loss or considerable pain. Plaintiff alleges that he

suffered pain and disfigurement. But, he received medication for pain and there are no facts stated to indicate that a compression shirt would have alleviated the pain or prevented disfigurement, or that after the shirt was received plaintiff's condition improved or at least stabilized. Plaintiff continued to complain about his treatment after he was approved to receive the compression shirt. See Doc. No. 2-1, p. 13.

Plaintiff also has not alleged facts showing deliberate indifference by defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions which form the basis for the complaint. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). Plaintiff does not allege facts showing that Dr. Clark made the decision to deny or delay the compression shirt or Lyrica.[4] Plaintiff's exhibits and allegations also do not show that either defendant was responsible for placing a false medical record in

---

[4] The allegations regarding Dr. Aulepp are less than clear. An exhibit to the complaint states:
> You were referred to an outside specialist for care pertaining to a chronic skin condition. Initially the compression shirt was approved, however after further discussion and security constraints, the shirt was not authorized. Clinical Director, Kristine Aulepp, DO is the final authority on outside recommendations. The care you have received is based on BOP Health Services policy, BOP custody policies and community standards of health care.

Doc. No. 2-1, p. 36.

9

plaintiff's file or did so with deliberate indifference to a serious medical need.

Moreover, assuming that Dr. Clark and Dr. Aulepp did participate directly in delaying or denying the compression shirt or Lyrica, there is no evidence that they were aware that their action or omission caused a risk of significant detriment to plaintiff's health. The Supreme Court has stated that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838.

Plaintiff was receiving other treatments for his condition and his pain.[5] It is well-settled that a disagreement over the course of treatment, such as a compression shirt, does not satisfy the subjective aspect of a deliberate-indifference claim. See, e.g., Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006); Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(a plaintiff's disagreement with medical staff over a course of treatment does not give rise to a constitutional violation). The Eighth Amendment is not violated "when a doctor simply resolves the question whether additional diagnostic techniques or forms of treatment is indicated.'" Self, 439 F.3d at 1232 (quoting Estelle

---

[5] Plaintiff was also encouraged to report to sick call if he felt his condition required further evaluation or had worsened. Doc. No. 2-1, p. 39.

v. Gamble, 429 U.S. 97, 107 (1976)). In Suro v. Tiona, 784 Fed.Appx. 566, 570 (10th Cir. 8/15/2019), for example, the court affirmed summary judgment in favor of defendants who did not provide traction therapy prescribed for the plaintiff even though a physical therapist who recommended traction believed it may have been beneficial. The court determined this evidence did not show that the defendants had a sufficiently culpable state of mind. Id.

Indeed, disagreements over pain medication, such as Lyrica, are considered exemplary of the type of issues which do not rise to the level of deliberate indifference. See, e.g., Williams v. Barrow, 559 Fed.Appx. 979, 984-85 (11th Cir. 2014)(decision to reduce pain medication is a classic example of medical judgment and not a good basis for Eighth Amendment liability); Hairston v. McGuire, 57 Fed.Appx. 788, 789 (10th Cir. 2003)(complaint that plaintiff's pain medication was too weak and that plaintiff had to pay for it failed to state an Eighth Amendment violation); Santamaria v. Oliver, 2015 WL 4124532 *2 (D.Colo. 7/9/2015)(disagreement over medication and treatment for "bad" back pain is not sufficient to allege an Eighth Amendment violation); Odom v. Forsythe, 2006 WL 5781574 *2 (E.D.Va. 10/4/2006)(disagreement with doctor over course of treatment for neck and back pain does not state a claim under the Eighth Amendment); Cowles v. House, 2006 WL 5781567 *2 (E.D.Va.

10/10/2006)(disagreement as to pain medication – directive that plaintiff take Motrin – does not rise to deliberate indifference).

IV. Conclusion

For the above-stated reasons, the court believes that the complaint fails to state a claim.  The court shall direct that plaintiff by April 13, 2020 show cause why plaintiff's claims should not be dismissed as explained in this order.  In the alternative, plaintiff may file an amended complaint by April 13, 2020 which corrects the deficiencies discussed herein.  An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2020, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge